Andrew J. Jaramillo, CA Bar No. 198303
andrew.jaramillo@ogletreedeakins.com
Daniel A. Adlong, CA Bar No. 262301
daniel.adlong@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Park Tower, Suite 1500
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:   714.800.7900
Facsimile:    714.754.1298

Attorneys for Defendant THE HOME DEPOT U.S.A., INC.

Keith A. Fink, CA Bar No. 146841
Sarah E. Hernandez, CA Bar No. 206305
Jennifer M. Misetich, CA Bar No. 272022
FINK & STEINBERG
Attorneys at Law
11500 Olympic Boulevard, Ste. 316
Los Angeles, CA  90064
Telephone:   310.268.0780
Facsimile:    310.268.0790

Attorneys for Plaintiff JOHN STAGNARO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOHN STAGNARO, an individual,<br><br>                    Plaintiff,<br><br>        v.<br><br>HOME DEPOT U.S.A., Inc., a Delaware corporation, and DOES 1 to 50, inclusive,<br><br>                    Defendants. | Case No. CV11-03359-GAF(MANx)<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Protective Order ("Stipulation") filed on October 17, 2011, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been

1  substantively modified by the Court's amendment of Paragraphs III., VI., and IX. of,
2  and Exhibit A to, the Stipulation.
3       The parties are expressly cautioned that the designation of any information,
4  document, or thing as "Confidential," "Confidential Information," or other
5  designation(s) used by the parties, does not, in and of itself, create any entitlement to
6  file such information, document, or thing, in whole or in part, under seal.
7  Accordingly, reference to this Protective Order or to the parties' designation of any
8  information, document, or thing as "Confidential," "Confidential Information," or
9  other designation(s) used by the parties, is wholly insufficient to warrant a filing
10 under seal.
11      There is a strong presumption that the public has a right of access to judicial
12 proceedings and records in civil cases.  In connection with non-dispositive motions,
13 good cause must be shown to support a filing under seal.  The parties mere
14 designation of any information, document, or thing as "Confidential," "Confidential
15 Information," or other designation(s) used by the parties, does not -- **without the**
16 **submission of competent evidence, in the form of a declaration or declarations,**
17 **establishing that the material sought to be filed under seal qualifies as**
18 **confidential, privileged, or otherwise protectable** -- constitute good cause.
19      Further, if sealing is requested in connection with a dispositive motion or trial,
20 then compelling reasons, as opposed to good cause, for the sealing must be shown,
21 and the relief sought shall be narrowly tailored to serve the specific interest to be
22 protected.  See Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir.
23 2010).  For each item or type of information, document, or thing sought to be filed or
24 introduced under seal in connection with a dispositive motion or trial, the party
25 seeking protection must articulate compelling reasons, supported by specific facts
26 and legal justification, for the requested sealing order.  **Again, competent evidence**
27 **supporting the application to file documents under seal must be provided by**
28 **declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

**THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE GARY A. FEESS, UNITED STATES DISTRICT JUDGE, INCLUDING THOSE APPLICABLE TO PROTECTIVE ORDERS AND THE TREATMENT OF CONFIDENTIAL INFORMATION.**

### TERMS OF PROTECTIVE ORDER

I.  **SCOPE**

(a)   The parties **assert** that discovery may require disclosure of information that is private and personal or confidential and proprietary, specifically personnel policies, employment offers, competitive analyses, income statements, employee, client, or customer personal information (including, but not limited to medical, age, and contact information), medical records, and financial records and statements, along with other trade secret information as defined in California Civil Code, § 3426.1.  As a result, the parties **have stipulated to the entry of this** Protective Order to ensure the continuing confidentiality of such information.  The parties **have**

**acknowledged** that this **Protective** Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

    (b)    This Protective Order shall limit the use or disclosure of documents, deposition testimony, and related information which are or which embody or disclose any information falling with the scope of Section (1)(a) and **are** designated hereunder as "Confidential," and **it** shall apply to:

        (i)    All such documents, including those from third parties, so designated in accordance with this Protective Order and **applicable** legal standards and definitions and all information contained therein;

        (ii)    Portions of deposition testimony and transcripts and exhibits thereto which include, refer**,** or relate to any Confidential Information;

        (iii)    All information, copies, extracts**,** and complete or partial summaries prepared or derived from Confidential Information; and

        (iv)    Portions of briefs, memoranda**,** or any writing filed with or otherwise supplied to the Court, which include or refer to any such Confidential Information.

    (c)    Any person designating documents, testimony, or other information as "Confidential" hereunder asserts that he or she believes in good faith that such material is Confidential Information which falls within the scope of Section (1)(a) and is not otherwise available to the public generally.  Each party or non-party that designates information or items for protection under this **Protective** Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A designating party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or

communications for which protection is not warranted are not swept unjustifiably within the ambit of this **Protective** Order.

## II.   DESIGNATION OF DOCUMENTS AND DEPOSITIONS

(a)   Designation of a document as "Confidential" shall be made by stamping or writing CONFIDENTIAL on the document(s).  Alternatively, the parties may designate documents as "Confidential" by producing the documents with a letter designating the documents by Bates number as "Confidential."  The parties shall make every effort to designate as "Confidential" only those documents that they reasonably believe constitute personnel policies, employment offers, competitive analyses, income statements, employee, client or customer personal information, medical records, financial records and statements, and trade secret information as defined in California Civil Code, § 3426.1.  The failure to designate documents as "Confidential" at the time of production shall not constitute a waiver of the protection of this **Protective** Order**,** and any party may, at any time up to 30 days before the actual trial date in this action, designate any documents or information produced as confidential that have not as yet been so designated.  Stamping the legend "Confidential" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the designating party, but only if the entire document is produced in **a** bound or otherwise intact manner.

(b)   Designation of a deposition or other pretrial testimony, or portions thereof, as "Confidential" shall be made by a statement on the record by counsel for the party or other person making the claim of confidentiality at the time of such testimony.  The portions of depositions so designated as "Confidential" shall be taken only in the presence of persons qualified to receive such information pursuant to the terms of this Protective Order:  the parties and their attorneys and staff, the court reporter, videographer, the deponent, and the deponent's attorney.  Failure of

1 any other person to comply with a request to leave the deposition room will
2 constitute sufficient justification for the witness to refuse to answer any question
3 calling for disclosure of Confidential Information so long as persons not entitled by
4 this Protective Order to have access to such information are in attendance.  The
5 parties may instruct the court reporter to segregate such portions of the deposition in
6 a separate transcript designated as "Confidential."  Portions of such deposition
7 transcripts shall be clearly marked as "Confidential" on the cover or on each page, as
8 appropriate.

9      (c)    Any party may designate documents produced or portions of
10 depositions taken as containing Confidential Information even if not initially marked
11 as "Confidential" in accordance with the terms of this Protective Order by so
12 advising counsel for each other party in writing and by reproducing said documents
13 with the required confidential designation.  Thereafter each such document or
14 transcript shall be treated in accordance with the terms of this Protective Order;
15 provided, however, that there shall be no liability for any disclosure or use of such
16 document(**s**) or transcript(s), or the Confidential Information contained therein,
17 which occurred prior to actual receipt of such written notice.  Any person who
18 receives actual notice of any such designation of previously produced documents or
19 deposition transcripts as containing Confidential Information shall thereafter treat
20 such information as if it had been designated as "Confidential" at the time he, she, or
21 it first received it in connection with this matter.

22      (d)    Inadvertent failure to designate Confidential Information shall not be
23 construed as a waiver, in whole or in part, and may be corrected by the producing
24 party designating **any** document(**s**) produced or portions of **any** deposition(s) taken
25 as containing Confidential Information even if not initially marked as "Confidential"
26 in accordance with the terms of this Protective Order and, specifically, subsection
27 2(c) above.

28

## III. LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL INFORMATION

(a) No Confidential Information shall be disclosed by anyone receiving such information to anyone other than those persons designated herein and in no event shall Confidential Information be used, either directly or indirectly, by anyone receiving such information for any business, commercial, or competitive purpose or for any purpose whatsoever other than the direct furtherance of the litigation of this action in accordance with the provisions of this Protective Order.

(b) Confidential Information shall not be disclosed by any person who has received such information through discovery in this action to any other person except to:

(i) The parties hereto;

(ii) Attorneys of record for the parties and their respective associates, clerks and employees involved in the conduct of this litigation, and any court reporters, videographers, or interpreters engaged to assist the parties in discovery;

(iii) Home Depot's or its subsidiaries' or affiliates' in-house counsel;

(iv) Non-party experts and consultants engaged by counsel for the purpose of preparing or assisting in this litigation, and their respective clerks and employees involved in assisting them in this litigation, to the extent deemed necessary by counsel;

(v) The Court, its officers, Court reporters, and similar personnel;

(vi) Any person as to **whom or** which it is apparent from the face of a document was either an author, recipient, had knowledge of the contents therein, or was otherwise entitled to view the Confidential Information prior to the intended disclosure in this action; and

(vii) Any other potential witnesses whose testimony may be used in connection with the present case who has complied with Section 3(c) immediately below.

(c) Before any person described in paragraphs 3(b)(iv) and (vii) receives or is shown any document or information which has been designated as Confidential, such person shall be given a copy of this Protective Order and shall agree in writing, in the form of the Acknowledgment and Agreement **for Protective Order ("Acknowledgment and Agreement")** attached hereto as Exhibit A, to be bound by the terms hereof. The original of each such Acknowledgment and Agreement shall be maintained by counsel and, if a witness appears at **a** deposition or at trial and represents that he or she previously executed an Acknowledgment **and Agreement**, it shall be produced for inspection by opposing counsel upon request. Any counsel may require the other counsel to provide a copy of the Acknowledgment and Agreement signed by a witness at a deposition before the witness is deposed with regard to any Confidential Information.

(d) Nothing in this Protective Order shall be construed to require execution of the written Acknowledgment and Agreement referred to in paragraph 3(c) above, or to prevent disclosure of Confidential Information, by the party producing and designating such Confidential Information, or by any employee of such party.

(e) The substance or content of Confidential Information, as well as all notes and memoranda relating thereto, shall not be disclosed to anyone other than as set forth in paragraphs 3(b)(i)-(vii) above.

## IV.   FILING DOCUMENTS UNDER SEAL

(a) If a Party wishes to submit a document to the Court which the other Party has designated as CONFIDENTIAL or which contains Confidential Information and which has not been successfully challenged under Section 5 below, the submitting Party shall notify the designating Party of the exact material which the Party intends to submit to the Court at least 30 days prior to the date on **which** the Party intends to make the submission, so as to provide the designating Party sufficient time to determine whether it needs to bring a motion **requesting** that the

1  material be filed under seal.  Any such motion must comply with the procedures set
2  forth in Local Rule 79-5 and must also comply with Federal Rule of Civil
3  Procedure 26(c)(1).  The written application and proposed order shall be presented to
4  the judge along with the document intended to be submitted for filing under seal.
5  The original and judge's copy of the document shall be sealed in separate envelopes
6  with a copy of the title page attached to the front of each envelope.  The Application
7  and Order to Seal, along with the material to be placed under seal, shall not be
8  electronically filed but shall be filed manually in the manner prescribed by Local
9  Rule 79-5.  A Notice of Manual Filing shall also be electronically filed, identifying
10 all materials being manually filed.
11         (b)    Any party requesting that a record be filed under seal must comply with
12 Local Rule 79-5.1.  The Parties agree and recognize that Confidential Information or
13 any paper containing Confidential Information cannot be filed under seal based
14 solely upon this stipulated Protective Order.

16 **V.    CHALLENGE TO CONFIDENTIALITY DESIGNATION**
17         Any party **who or which** wishes to challenge the designation of a document or
18 other information as "Confidential" must identify the documents or information **the**
19 **designation of** which it is challenging within 30 days after their production.  The
20 designating party may, for good cause shown, bring a motion before the Court
21 requesting that the Court confirm the designation of any document or information as
22 "Confidential."  The party asserting the designation as "Confidential" shall have the
23 burden of establishing good cause for the designation.  However, the Court **may**
24 award the moving party attorneys' fees as a sanction if the challenge to the
25 "Confidential" designation was made in bad faith or was frivolous.  The interested
26 parties or other persons shall attempt to resolve such disagreements before
27 submitting them to the Court pursuant to Local Rule 37-1.  Pending resolution of any
28 dispute concerning such designation, all parties and persons governed by this

Protective Order shall treat all documents and information previously designated as "Confidential" as protected from further disclosure by this Protective Order.

## VI. SURVIVAL OF ORDER - RETURN OF DOCUMENTS

(a) The provisions of this **Protective** Order shall continue in effect until otherwise ordered by the Court, or one of them, after notice and an opportunity to be heard is afforded to the parties to this action. The final determination or settlement of this action shall not relieve any person who has received Confidential Information **and** agreed to be bound by the terms of this Protective Order of his, her, or its obligations hereunder. The Court shall retain jurisdiction after such final determination or settlement to enforce the provisions of this **Protective** Order. Upon completion of the litigation, all documents (including copies of documents) containing Confidential Information, **except those filed with or otherwise provided to the Court,** shall be destroyed or returned to counsel for the producing party, except that (a) documents on which any person has made notations may be destroyed and not returned, and (b) the parties' respective attorneys of record may retain one copy of each such document for use in connection with any disputes which may arise under the Court's retention of jurisdiction as provided for herein. Within sixty days (60) of the conclusion of this litigation, the attorneys for the receiving party shall provide the attorneys for the producing party a certificate representing that such return or destruction was made.

(b) Except as provided in paragraphs 4 or 6 hereof, documents or things containing the other party's Confidential Information shall at all times be in the physical possession of those persons qualifying under paragraph 3 hereunder, or kept by counsel of record at the premises regularly maintained by such counsel of record as and for their respective law offices.

## VII. USE OF DOCUMENTS AT TRIAL

This Protective Order, except as provided in Paragraph 4, shall not apply to information designated or marked confidential hereunder which is used at any evidentiary hearing or trial in this action. The parties hereby reserve their rights to use, or seek to limit the disclosure of, confidential information at any such hearing or trial, pursuant to Judge Gary A. Feess' standing orders re: protective orders.

## VIII. USE OF OWN DOCUMENTS BY PRODUCING PARTY

Nothing in this Protective Order shall limit the use by any party, person or entity of his, her, or its own document or information for legitimate business purposes unrelated to this litigation, even if such documents or information have been designated as "Confidential."

## IX. APPLICATIONS TO COURT

(a) This Protective Order shall not preclude or limit any party's right to oppose or object to discovery on any ground which would be otherwise available. This Protective Order shall not preclude or limit any party's right to seek *in camera* review or to seek further and additional protection against or limitation upon production or dissemination of information produced in response to discovery, including documents and their contents.

(b) Any person to or by whom disclosure or inspection is made in violation of this Protective Order, and who has knowledge of this Protective Order, shall be bound by the terms hereof.

(c) The parties hereto, and all other persons who receive Confidential Information pursuant hereto, agree that any party or other person injured by a violation of this **Protective** Order does not have an adequate remedy at law and that an injunction against such violation is an appropriate remedy. In the event any person shall violate or threaten to violate any terms of this **Protective** Order, the

parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person. In the event the aggrieved party shall do so, the respondent person subject to the provisions of this **Protective** Order shall not employ as a defense thereto the claim that the aggrieved party has an adequate remedy at law. Any persons subject to the terms of this **Protective** Order agree that the Court shall retain jurisdiction over it and them for the purposes of enforcing this **Protective** Order, including but not limited to issuing an injunction. In addition to injunctive relief, as specified herein, the Court may impose monetary and/or issue sanctions, as well as other relief deemed appropriate under the circumstances for a violation of this Protective Order.

(d) If any deponent required under the terms of this Protective Order to execute the written Acknowledgment and Agreement described in paragraph 3(c) above refuses to do so, the parties may complete the deposition on other matters or adjourn it and move the Court for any appropriate relief, including (without limitation) relief from this Protective Order as to that deponent or an order that the deponent shall be bound by the terms of this Protective Order. Any non-party whose Confidential Information is the subject of such a motion shall be given notice thereof.

## X. AGREEMENT TO COOPERATE

The parties hereto and their respective attorneys of record agree that, when one party's attorney requests a deponent to sign the written Acknowledgment and Agreement described in paragraph 3(c) above, the other party's attorney will join in such request, unless that attorney has a good faith basis for refusing to join in such a request; provided, however, that this requirement shall not apply with respect to any deponent who is represented at his or her deposition by an attorney of record for any party hereto (including any member or associate of their respective law firms). An attorney's request to sign such Acknowledgment pursuant to this paragraph shall not

be construed to constitute legal advice to the deponent, but shall and may be stated to be simply a request to facilitate discovery in this action.

## XI. NO ADMISSIONS

Neither entering into **the** Stipulation for **the entry of this** Protective Order, nor receiving any documents or other information designated as "Confidential" shall be construed as an agreement or admission**:** (1) that any document or information designated as "Confidential" is**,** in fact**,** Confidential Information; (2) as to the correctness or truth of any allegation made or position taken relative to any matter designated as "Confidential;" or (3) as to the authenticity, competency, relevancy**,** or materiality of any information or document designated as "Confidential."

## XII. NO WAIVER OF PRIVILEGES OR OBJECTIONS TO ADMISSIBILITY

Nothing in this Protective Order shall be construed as requiring disclosure of Confidential Information, including, but not limited to, materials subject to protection under the attorney-client privilege and/or attorney work product doctrine, the trade secrets privilege, or under any other applicable privileges or rights of privacy, or requiring disclosure of Confidential Information that is otherwise beyond the scope of permissible discovery. Further, nothing in this Protective Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary materials.

## XIII. DISCLOSURE IN VIOLATION OF ORDER

If any Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately in writing notify the opposing party and the designating party of all pertinent facts relating to such disclosure to the attention of, and without

prejudice to the rights and remedies of the designating party, make every effort to prevent further unauthorized disclosure on its own part or on the part of the recipient of such Confidential Information.

## XIV. MODIFICATION - FURTHER AGREEMENTS

Nothing contained herein shall preclude any party from seeking from the Court, modification of this Protective Order upon proper notice or shall preclude the parties from entering into other written agreements designed to protect Confidential Information.

## XV. COUNTERPARTS

This Protective Order may be executed in counterparts, each of which shall be deemed an original and which together shall constitute one instrument.

**IT IS SO ORDERED.**

DATED: October 26, 2011

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**

Andrew J. Jaramillo CA Bar No. 198303
andrew.jaramillo@ogletreedeakins.com
Daniel A. Adlong CA Bar No. 262301
daniel.adlong@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Park Tower, Suite 1500
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:   714.800.7900
Facsimile:   714.754.1298

Attorneys for Defendant THE HOME DEPOT U.S.A., INC.

Keith A. Fink, Esq.
kfink@finklawfirm.com
Sarah E. Hernandez, Esq.
shernandez@finklawfirm.com
Jennifer M. Misetich, Esq.
jmisetich@finksteinberg.com
FINK & STEINBERG
11500 Olympic Blvd., Ste. 316
Los Angeles, CA  90064
Telephone:  310.268.0780
Facsimile:   310.268.0790

Attorneys for Plaintiff JOHN STAGNARO

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| JOHN STAGNARO, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation, and DOES 1 to 50, inclusive,<br><br>　　　　Defendants. | Case No. CV11-03359 GAF (MANx)<br><br>**ACKNOWLEDGEMENT AND AGREEMENT FOR PROTECTIVE ORDER** |

I, _____, hereby certify that:

1. My present address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Protective Order in the above-captioned case and agree to be bound by the terms of the Protective Order.

5. I have carefully read and understand the provisions of the Protective Order.

6. I will hold in confidence and not disclose to anyone not qualified under the Protective Order, any Confidential Information or any portion or substance thereof provided to me in the course of this litigation.

7. I will return all materials containing Confidential Information or any portions or copies, summaries, abstracts, or indices thereof, which come into my possession, and documents or things that I prepared relating thereto and containing such Confidential Information, to counsel for the party by whom I am retained or employed, or to counsel by whom I am retained or employed, when my services in this matter have been concluded.

8. I understand that if I violate the provisions of this Protective Order, I may be subject to sanctions by the Court, among other things.

9. I hereby submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcement of this Protective Order against me.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated:_____   Signature:_____